IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

```
FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 8 2019

JAMES W. McCORMACK, CLERK
By:_____
                  DEP CLERK
```

AMBER LOVELLETTE, SPECIAL
ADMINISTRATRIX OF THE ESTATE OF
RAYMOND LOVELLETTE                                           PLAINTIFF

vs.                    No. 2:19-cv-83-KGB

CARLOS JOSE PERES LAGOS, INC. d/b/a
Five Stars Trucking; and DOUGLAS TORRES.                     DEFENDANTS

This case assigned to District Judge Baker
and to Magistrate Judge Volpe

**COMPLAINT**

Comes now the Plaintiff, Amber Lovellette as the Special Administratrix of the Estate of Raymond Lovellette, by and through her attorneys, The Brad Hendricks Law Firm, and for her Complaint against the defendants, states:

**PARTIES**

1. Amber Lovellette is the duly appointed Special Administratrix of the Estate of Raymond Lovellette (her husband), having been so appointed by the Circuit Court of St. Francis County, Arkansas on July 10, 2019, where Mr. Lovellette passed away on May 12, 2018. Both Amber Lovellette and Raymond Lovellette are/were residents of Illinois at all times relevant hereto.

2. Defendant, Carlos Jose Perez Lagos, Inc. (doing business as Five Stars Trucking) is a domestic Texas Corporation with its headquarters and principal place of business in Dallas, Texas. It shall be referred to hereafter as "Five Stars" for ease of reference. The agent for service for Five Stars is Carlos Jose Perez Lagos, President, whose address is 1720 Regal Row, Ste 127, Dallas, Texas 75325. Defendant Douglas Torres was at all times relevant hereto a resident Arlington, Texas, and was at all times herein an employee or agent of Five Stars acting in the course and scope of said

employment or agency.

3. The subject matter of this action concerns tortious injury occurring on Interstate 40 in St. Francis County, Arkansas.

**JURISDICTION AND VENUE**

4. Based upon the allegations in Paragraphs 1 through3 of this Complaint, complete diversity of citizenship exists between Plaintiff and all of the Defendants. The unliquidated damages sought by Plaintiff in this case exceed $75,000.00. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a). Further, this Court retains supplemental jurisdiction over any other incidental and supplemental claims pursuant to 28 U.S.C. § 1367. Based on the accident occurring in Lonoke County, Arkansas, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**FACTS AND CAUSES OF ACTION**

5. On May 12, 2018, Raymond Lovellette was operating a tractor-trailer westbound on Interstate 40 in and near St. Francis County, Arkansas. At the same time, Defendant Torres was also operating a flat-bed tractor trailer westbound in on Interstate 40. Defendant Torres was witness driving in a careless and reckless manner, weaving in and out of traffic at high speeds, often suddenly slowing by slamming on his brakes for traffic ahead of him.

6. As Defendant Torres approached the 260 mile marker on Interstate 40 westbound, he suddenly slowed again, this time in front of decedent, Raymond Lovellette, causing Mr. Lovellette's tractor-trailer to strike the rear of the flat bed trailer. Although Mr. Lovellette had minor injuries, he was unable to extricate himself from his cab on his own. A small fire began to develop on the passenger side of the Lovellette cab. During this time Defendant Torres failed and refused to render any aid or assistance to Raymond Lovellette. Over the course of nearly 20 minutes and despite pleas

for help and screams from Mr. Lovellette, the fire eventually consumed the Lovellette vehicle, causing his death by burning to death. He would have survived the crash but for the fire as an autopsy showed the only ante-mortem injury to be a couple broken ribs.

7. Defendant Torres, acting at all times in the course and scope of his employment with their his employer, Five Stars Trucking, as set forth herein, in causing the above-described collision, was negligent including, but not limited to, the following respects:

   (a)   failing to maintain control;

   (b)   slamming on his brakes without warning;

   ©    operating at a greater speed than necessary under the conditions;

   (d)   otherwise failing to exercise reasonable care and to obey the rules of the road applicable to operators of motor vehicles, including tractor-trailers; and

   (e)   failing to render any reasonable aid to a person involved in a collision as required by A.C.A. §27-53-103

## **DAMAGES**

8. As a proximate result of the negligence of the defendants,. Plaintiff claims damages on behalf of the estate for the conscious pain and suffering of Raymond Lovellette before his death (survival claim) and damages for mental anguish on the part of his wrongful death beneficiaries (wrongful death) all as set forth ins A.C. A. §16-62-101 and 102, *et. seq.*

9. Plaintiff demands a trial by jury and that the estate be awarded as sum in excess of the minimum amount for federal diversity jurisdiction ($75,000), jointly and severally.

WHEREFORE, Amber Lovellette, as Special Administratrix of the Estate of Raymond Lovellette, prays upon trial of this matter that she be awarded judgment against the defendants, jointly and severally in an amount which will reasonably and sufficiently compensate the estate and the wrongful death beneficiaries for the conscious pain and suffering before his death, and the mental

anguish of his survivors, all in an amount in excess of the minimum amount for federal diversity jurisdiction; furthermore, he demands a trial by jury, together with all other relief to which he may be entitled under Arkansas and Federal Law.

    **PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

**The Brad Hendricks Law Firm**
500 C Pleasant Valley Dr.
Little Rock, AR 72227
(501) 221-0444

BY: _____
Christopher R. Heil  (ABN 92128)